OPINION AND ORDER
This is an appeal of a Tribal Trial Court Order issuing a Writ of Habeas Corpus, quashing a bench warrant and dismissing a criminal contempt charge against Appellee Calvin “Bear” First, Jr. Oral argument was held on December 7, 2007. We affirm in accordance with the following.
Appellee First was charged on October 12, 2006 with Severe Physical Domestic Abuse, Abuse of a Child and Neglect of a Child, in violation of Title VII, Sections 244, 240 and 241 of the Fort Peck Comprehensive Code of Justice, (“CCOJ”). That same day, Mr. First entered not guilty *36 pleas to the charges and was released on bail as well as conditions of release including a condition prohibiting the use of alcohol or drags. On December 11, 2006, Ap-pellee First appeared in the Prosecutor’s Office exhibiting signs of having consumed alcohol. A Preliminary Alcohol Screening Test was administered to him by his Probation Officer, with a result of .163% BAC. The Tribal Police Department was called to arrest Appellee .First. The officer who earned out the arrest did not advise Mr. First of his rights at the scene of the arrest. He advised him of his rights during the ride to the jail. Mr. First was subsequently charged with Criminal Contempt for consumption of alcohol in violation of his conditions of release.
On December 14, 2006, Mr. First’s counsel filed an application for a Writ of Habe-as Corpus, arguing that Mr. First’s detention in the Tribal jail was illegal because he had not been informed of his rights immediately upon arrest. Following a hearing on December 15, 2006, the Tribal Trial Court granted the application, released him from custody and dismissed the charge.
The issue on appeal concerns the interpretation of CCOI Title VI, Chapter 2, Section 203. That section provides:
Notification of Rights at time of arrest. Upon arrest the suspect shall be advised immediately of the following rights: (1) That he/she has the right to remain silent. (2) That any statements made by him/her may be used against him/her in court. (3) That he/she has the right to obtain counsel at his/her own expense. (4) That he/she has the right to make at least one (1) completed telephone call to a friend and at least one (1) completed call to a lay counselor or attorney immediately after being registered and identified at the jail, or sooner if there is an unreasonable delay in taking the accused to jail or in processing at the jail. [Emphasis added]
The standard of review for questions of law is de novo. In other words we need not defer to the legal conclusions of the trial court. However, we determine that the Tribal Court was correct in its legal ruling. Its interpretation of the section is reasonable in these circumstances.
In its December 15, 2006 Order, the Tribal Trial Court stated, 8. It is the opinion of this Court that immediate means that if an individual is advised that they are being arrested the arresting office at that instant shall advise the individual of their tribal rights.
We find that the Tribal Trial Court’s literal interpretation of the word “immediately” to be correct. We recognize-as the Tribal Prosecutor pointed out-that in an arrest, circumstances may sometimes exist that require management of a dangerous situation prior to providing the required notification. Yet the record here contains no information to that effect concerning Mr. First’s arrest. Further the requirement that the rights be communicated immediately is reflective of the significance of those rights under both tribal and federal law.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The Judgment,of the Tribal Court is affirmed.